491

(No. 5105-)

CLIFFORD W. CORDES, Claimant, vs. STATE OF ILLINOIS,
Respondent.

*Opinion filed June 26, 1964.*

GIFFIN, WINNING, LINDNER AND NEWKIRK, Attorneys
for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant seeks recovery of $887.74 in back salary,
which is allegedly due and owing to claimant for the
period May 20, 1961 to July 1, 1961, and has not been
paid him because of lapsed apropriations.

There is no dispute of either law or fact. Claimant
was employed by the Department of Revenue from March
23, 1954 until his discharge on April 17, 1961. His salary
of $640.00 per month continued until May 19, 1961. His
layoff continued until March 25, 1963 when the Supreme
Court of Illinois in the case of *Cordes* vs. *Isaacs,* 27 Ill.
2d 383, 189 N.E. 2d 236, affirmed an order of the Circuit
Court of Sangamon County reinstating claimant, and
decreeing the payment of his salary from July 1, 1961 to
the date of reinstatement.

Said order of the Circuit Court stated that claimant
is entitled to all back salary from May 19, 1961, but
noted that "any sums appropriated by the General As-
sembly of Illinois for payment of personal services by
employees of the State of Illinois for the 1959-1961 bi-
ennium lapsed on or about July 1, 1961, and said sums

are not available for payment for personal services on the date hereof."

Claimant testified that he earned no compensation from employment of any kind between the dates of May 20, 1961 and June 30, 1961, inclusive.

This Court has long held that, where a Civil Service employee is illegally prevented from performing his duties, and is subsequently reinstated to his position by a court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal, but that he must do all in his power to mitigate damages. (*Schneider* vs. *State of Illinois*, 22 C.C.R. 453; *Poynter* vs. *State of Illinois*, 21 C.C.R. 393; *Smith* vs. *State of Illinois*, 20 C.C.R. 202.)

There is no evidence of failure to mitigate damages for the period involved in the instant case. Claimant apparently did obtain some employment for the period subsequent to July 1, 1961.

Claimant is hereby awarded the sum of $887.74.